**IN THE UNITED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED
2007 NOV 19 P 12:39
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**MITCHELL C. MOONEY, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING, on behalf of themselves and others similarly situated,**

**Plaintiffs,**

**vs.**

**ARROW DISPOSAL/ADVANCE/ URRUTIA, INC.,**

**Defendant.**

3:07cv1018 - WKW

**CIVIL ACTION NUMBER:**
~~**CV-07-**~~
**JURY DEMAND**

# COMPLAINT

**COME NOW** the plaintiffs and file this lawsuit against the Defendant, Arrow Disposal/Advance/Urrutia, Inc., for themselves and all other similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant Arrow Disposal/Advance/Urrutia, Inc., is a corporation

conducting business in the State of Alabama.

2. Plaintiff Mooney resides in Alexander City, Alabama.

3. Plaintiff Harrison Gilmore resides in Alexander City, Alabama.

4. Plaintiff Tharp resides in Alexander City, Alabama.

5. Plaintiff King resides in Alexander City, Alabama.

6. At all times material to this action, the plaintiffs were/are employed by defendant.

7. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendant which have deprived the named plaintiffs, as well as others similarly situated to the named plaintiffs, of their lawful wages.

8. This action is brought to recover unpaid compensation owed to plaintiffs and all employees and former employees of defendant who are similarly situated, pursuant to FLSA. For at least three years prior to filing this complaint, defendant has had a uniform policy and practice of consistently requiring hourly employees to work overtime without paying them overtime compensation for this work. Plaintiffs and all similarly

situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

10. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

11. At all times relevant to this action, Defendant was/is "employer" of the named plaintiffs as defined by §203(d) of the FLSA.

12. At all times material to this action, the plaintiffs are/were "employees" of defendant as defined by §203(e)(1) of the FLSA, and worked for defendant within the territory of the United States within three years preceding the filing of this lawsuit.

13. The overtime provisions set forth in §§206 and 207, respectively, of the FLSA apply to defendant and all members of the plaintiff class herein were covered by §§ 206 and 207 of the FLSA while they were employed by defendant.

14. Plaintiffs and other employees were required to work overtime hours and

were not compensated for those hours.

15. Defendant has intentionally failed and/or refused to pay the plaintiffs and other employees overtime rates according to the provisions of the FLSA.

16. The systems, practices and duties of the named plaintiffs have existed for at least three years throughout the defendant's business.

17. For at least three years, the defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay overtime pay when employees perform overtime work. Despite this knowledge, the defendant has failed to pay its employees the mandatory lawful overtime wage to conform the duties of these employees to the requirements of the FLSA.

18. Defendant has intentionally and repeatedly misrepresented the true status of overtime compensation to its employees as well as their entitlement to overtime pay in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The plaintiffs, as well as other similarly situated present and former employees, relied upon these misrepresentations by defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

19. As a result of the actions of defendant in fraudulently concealing the true status of its employees when performing overtime pay under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

20. There are numerous other similarly situated employees and former employees of defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendant and are readily identifiable and locatable through defendant's records. Specifically, all employees and former employees of defendant who (i) have been employed with the defendant who have worked overtime hours and not been compensated for same, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

21. Defendant further has engaged in widespread pattern and practice of

violating the provisions of FLSA by failing to pay plaintiffs and other similarly situated employees and former employees in accordance with §207 of the FLSA.

22. As a result of defendant's violations of the FLSA, the named plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive overtime wages in accordance with §207 of the FLSA.

23. In addition to the amount of unpaid wages owing to the plaintiffs and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

24. Defendant's actions in failing to compensate the plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were wilful.

25. Defendant has not made a good faith effort to comply with the FLSA.

26. Plaintiffs, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all defendant's employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid overtime pay pursuant to 29 U.S.C. §216(b);

2. Plaintiffs be awarded damages in the amount of his respective unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Plaintiffs further demand a jury to try the issues when joined.

Respectfully submitted,

Gregory O. Wiggins
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

Allwin E. Horn, IV
ALLWIN E. HORN, IV, P.C.
1130 South 22nd Street, Suite 4500
Birmingham, Alabama 35205
205/877-8700

The plaintiffs demand a trial by jury on all claims triable to a jury.

OF COUNSEL

**DEFENDANT'S ADDRESS:**

Arrow Disposal/Advance/Urrutia, Inc.
1522 Sanders Road
Alexander City, Alabama 35010

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MOONEY, JOHN LEE, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING on behalf of themselves and others similarly situated,** | ) | |
| **Plaintiffs,** | ) | 3:07cv1018 -WKW |
| **vs.** | ) | **CIVIL ACTION NUMBER:** ~~**CV-07-**~~ |
| | ) | **JURY DEMAND** |
| **ARROW DISPOSAL/ADVANCE/ URRUTIA, INC.,** | ) | |
| **Defendant.** | ) | |

**CONSENT TO BECOME PARTY PLAINTIFF**

Comes now Mitch Mooney pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the case *Mooney, et al. vs. Arrow Disposal/Advance/Urruita, Inc.*

I hereby specifically authorize the named plaintiff(s), along with counsel of record for the named plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against defendant in this lawsuit.

Mitchell C Mooney
Name (PRINT NAME)

Mitchell C Mooney
Name (SIGN NAME)

11-3-7
Date

Address: 211 12th Ave North
Alexander City Al 35010

Telephone Number: 256-409-1116
256-750-1808
256-234-0710

**IN THE UNITED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL MOONEY, JOHN LEE, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING on behalf of themselves and others similarly situated,** | ) | |
| **Plaintiffs,** | ) | 3:07cv1018-WKW |
| **vs.** | ) | **CIVIL ACTION NUMBER:** ~~**CV-07-**~~ |
| | ) | **JURY DEMAND** |
| **ARROW DISPOSAL/ADVANCE/ URRUTIA, INC.,** | ) | |
| **Defendant.** | ) | |

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

Comes now Harrison Gilmore pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the case *Mooney, et al. vs. Arrow Disposal/Advance/Urruita, Inc.*

I hereby specifically authorize the named plaintiff(s), along with counsel of record for the named plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against defendant in this lawsuit.

Harrison S Gilmore
Name (PRINT NAME)

Harrison S. Gilmore
Name (SIGN NAME)

Nov 2, 2007
Date

Address: 939 King St. Or
PO Box 1064 Alex City
AL. 35010

Telephone Number: (256) 234-7132

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MOONEY, JOHN LEE, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING on behalf of themselves and others similarly situated,** | ) | |
| **Plaintiffs,** | ) | 3:07cv1018-WKW |
| **vs.** | ) | **CIVIL ACTION NUMBER:** ~~**CV-07-**~~ |
| | ) | **JURY DEMAND** |
| **ARROW DISPOSAL/ADVANCE/ URRUTIA, INC.,** | ) | |
| **Defendant.** | ) | |

**CONSENT TO BECOME PARTY PLAINTIFF**

Comes now Donnie Tharpe pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the case *Mooney, et al. vs. Arrow Disposal/Advance/Urruita, Inc.*

I hereby specifically authorize the named plaintiff(s), along with counsel of record for the named plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against defendant in this lawsuit.

DONNIE L. Tharp
Name (PRINT NAME)

Donnie L. Tharp
Name (SIGN NAME)

11-2-07
Date

Address: P.O. Box 1527
Alexander City Al. 35011

Telephone Number: 256-215-5493
Cell 256-749-4206

**IN THE UNITED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL MOONEY, JOHN LEE, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING on behalf of themselves and others similarly situated,** | ) | |
| **Plaintiffs,** | ) | 3:07 cv 1018 - WKW |
| **vs.** | ) | **CIVIL ACTION NUMBER:** ~~CV-07-~~ |
| | ) | **JURY DEMAND** |
| **ARROW DISPOSAL/ADVANCE/ URRUTIA, INC.,** | ) | |
| **Defendant.** | ) | |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now Samuel King pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the case *Mooney, et al. vs. Arrow Disposal/Advance/Urruita, Inc.*

I hereby specifically authorize the named plaintiff(s), along with counsel of record for the named plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against defendant in this lawsuit.

Samuel A King
Name (PRINT NAME)

Samuel A King
Name (SIGN NAME)

11-5-07
Date

Address: Rt 1 Box 335 C
Alexander City Al 35010

Telephone Number: 256) 329 2801

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001203
Cashier ID: khaynes
Transaction Date: 11/19/2007
Payer Name: WIGGINS CHILDS QUINN PANTAZIS

---

CIVIL FILING FEE
For: WIGGINS CHILDS QUINN PANTAZIS
Case/Party: D-ALM-3-07-CV-001018-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 0132648
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

MITCHELL C. MOONEY ET AL V. ARROW DISPOSAL/ADVANCE/URRUTIA, INC.