IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MITCHELL C. MOONEY, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED DISPOSAL SERVICES and URRUTIA, INC., <br><br> Defendants. | Case No. 3:07-cv-1018-WKM |

## ANSWER TO COMPLAINT

Defendants Advanced Disposal Services and Urrutia, Inc., d/b/a Arrow Disposal, answer plaintiffs' complaint as follows:

1.  Defendants admit that on or about June 4, 2007, Advanced Disposal Services acquired Urrutia, Inc., which was d/b/a Arrow Disposal, and that Advanced Disposal Services is now d/b/a as Arrow Disposal. Defendants further admit that Urrutia, Inc. is now owned by Advanced Disposal Services. Defendants admit they are conducting business in Alabama but deny that there have been any violations of the Fair Labor Standards Act or any other state or federal law.

2.  Defendants are without sufficient information or belief to admit or deny the allegations in paragraph 2 of the Complaint; therefore, the allegations

322684.1

contained in paragraph 2 of the Complaint are denied.

3. Defendants are without sufficient information or belief to admit or deny the allegations in paragraph 3 of the Complaint; therefore, the allegations contained in paragraph 3 of the Complaint are denied.

4. Defendants are without sufficient information or belief to admit or deny the allegations in paragraph 4 of the Complaint; therefore, the allegations contained in paragraph 4 of the Complaint are denied.

5. Defendants are without sufficient information or belief to admit or deny the allegations in paragraph 5 of the Complaint; therefore, the allegations contained in paragraph 5 of the Complaint are denied.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit that plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Defendants also admit that plaintiffs claim that an opt-in collective action is sought under FLSA 216(b). Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any relief whatsoever. Finally, defendants deny that this is a case in which notice of a collective action under 29 U.S.C. § 216(b) should be ordered.

8. Defendants admit that plaintiffs seek to recover alleged unpaid

compensation. Defendants deny that plaintiffs are entitled to any unpaid compensation or that any compensation to which they were entitled was not paid. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint. Defendants further deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and deny that plaintiffs are entitled to any relief whatsoever. Finally, defendants deny that this is a case in which notice of a collective action under 29 U.S.C. § 216(b) should be ordered.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint. Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any damages. Finally, defendants deny that this is a case in which notice of a collective action under 29 U.S.C. § 216(b) should be ordered.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny that they were "employers" of plaintiff Gilmore. Defendants admit the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants deny that they were "employers" of plaintiff Gilmore.

322684.1

Defendants admit the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that they are subject to the overtime provisions set forth in §§ 206 and 207 of the FLSA. Defendants further admit that their employees are covered by the overtime provisions set forth in §§ 206 and 207 of the FLSA. Defendants deny that there have been any violations of §§ 206 and 207 of the FLSA. Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any relief. Finally, defendants deny that this is a case in which notice of a collective action under 29 U.S.C. § 216(b) should be ordered.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The allegations contained in paragraph 16 of the Complaint are unclear. To the extent Plaintiffs in paragraph 16 allege that Defendants have employed drivers for the last three years, those allegations are admitted. To the extent paragraph 16 of the Complaint alleges any violation of the FLSA or any other federal or state law, any such allegation is denied.

17. Defendants are aware of the FLSA and properly pay their employees overtime. Defendants deny the remaining allegations contained in paragraph 17 of the Complaint. Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any relief.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint. Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any relief.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint. Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any relief.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint. Defendants deny that they have committed any violation of the FLSA. Defendants also deny that any violation of statute or law has occurred and further deny that plaintiffs are entitled to any relief. Finally, defendants deny that this is a case in which notice of a collective action under 29 U.S.C. § 216(b) should be ordered.

21. Defendants deny the allegations contained in paragraph 21 of the

322684.1

Complaint.

22. Defendants deny that plaintiffs are entitled to any damages. Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendants deny that plaintiffs are entitled to any damages and further deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial. To the extent the prayer for relief is construed to allege some violation of the FLSA or some other wrongful conduct, said construction is denied. Defendants deny any allegations or inferences of wrongdoing or illegality and deny that Plaintiffs are entitled to any relief whatsoever. Finally, defendants deny that this is a case in which notice of a collective action under 29 U.S.C. § 216(b) should be ordered.

28. Any Complaint allegations not expressly admitted herein are hereby

denied in their entirety.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of Plaintiffs' allegations fail to state a claim for which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

To the extent Plaintiffs or any similarly situated current or former employees have failed to mitigate their alleged damages, such failure bars, or at least reduces, recovery of such damages.

### FOURTH DEFENSE

Plaintiffs' Complaint, or portions thereof, is inadequate as a matter of law to support a claim for liquidated damages.

### FIFTH DEFENSE

For at least part of the period for which Plaintiffs claim violations of the FLSA, Plaintiffs or any similarly situated current or former employees were not employed by Defendants.

## SIXTH DEFENSE

Neither Plaintiffs nor any similarly situated current or former employees have suffered any legally cognizable damage.

## SEVENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

## EIGHTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## NINTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendants were at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## TENTH DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the Fair Labor Standards Act.

## ELEVENTH DEFENSE

If the facts, as determined at trial, reveal that Plaintiffs or any similarly situated current or former employees were engaged in efforts to alter their own time records or the time records of others, or in any other way violated the established policies of Defendants with regard to employment practices, Plaintiffs and any similarly situated current or former employees should be estopped from recovering on any claim related to such violation of policy.

## TWELFTH DEFENSE

If the facts, as determined at trial, reveal that Plaintiffs or any similarly situated current or former employees reported to Defendants that they had been correctly and fully paid for all time worked, Plaintiffs and any similarly situated current or former employees should be estopped from recovering on any claim of uncompensated wages.

322684.1

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands, laches, estoppel, and judicial estoppel.

## FOURTEENTH DEFENSE

Even assuming, arguendo, that Plaintiffs are successful in maintaining their claim for overtime compensation pursuant to the FLSA, they are only entitled to half-time (as opposed to time and one-half) overtime compensation for any hours worked in excess of the normal workweek.

## FIFTEENTH DEFENSE

This collective action is limited only to employees of Defendants who are similarly situated to plaintiffs and who have filed with the Court properly executed written consents to become a party/plaintiff to this action.

## SIXTEENTH DEFENSE

Plaintiffs lack standing to bring this collective action on behalf of anyone other than themselves, as they are not similarly situated to any other employee of defendants.

## SEVENTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## **EIGHTEENTH DEFENSE**

Because no discovery has yet occurred in this action, Defendants reserve the right to assert further defenses as appropriate.

Wherefore, having fully answered the Complaint, Defendants request that the Complaint be dismissed with prejudice; that judgment be entered for Defendants; and that Defendants be awarded attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully submitted this 17th day of January, 2008.

/s/ J. Tobias Dykes
J. Tobias Dykes (ASB-0483-E66J)
tdykes@constangy.com
**CONSTANGY, BROOKS & SMITH, LLC**
1819 Fifth Avenue North
Suite 900
Birmingham, Alabama 35203
Telephone (205) 252-9321
Facsimile (205) 323-7674

/s/ Margaret P. Zabijak
MARGARET P. ZABIJAKA
Florida State Bar No. 0119880
200 West Forsyth Street, Ste. 1700
Jacksonville, FL  32202-4317
(904) 356-8900

**ATTORNEYS FOR DEFENDANTS ADVANCED DISPOSAL SERVICES AND URRUTIA, INC.**

322684.1

# CERTIFICATE OF SERVICE

This is to certify that the undersigned electronically filed the foregoing Motion for Extension with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

>Gregory O. Wiggins
>WIGGINS CHILDS QUINN & PANTAZIS, LLC
>The Kress Building
>301 19th Street North
>Birmingham, AL  35203
>
>Allwin E. Horn, IV
>ALLWIN E. HORN, IV, PC
>1130 South 22nd Street, Ste. 4500
>Birmingham, AL  35205

This <u>17th</u> day of January, 2008.

>*/s/ J. Tobias Dykes*
>Counsel of Record