IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MITCHELL C. MOONEY, ) <br> HARRISON GILMORE, DONNIE L. ) <br> THARP, and SAMUEL KING, on ) <br> behalf of themselves and others ) <br> similarly situated, ) <br> ) <br>      Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ADVANCED DISPOSAL SERVICES ) <br> and URRUTIA, INC., ) <br> ) <br>      Defendants. ) | Case No. 3:07-cv-1018-WKM |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING[1]

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on February 12, 2008, and was attended by:

    Greg Wiggins and Allwin Horn - attorneys for the plaintiffs; and

Meg Zabijaka and J. Tobias Dykes, Esq. - attorneys for the Defendants Advanced Disposal Services and Urrutia, Inc., d/b/a Arrow Disposal.

2. **Synopsis Of The Case.**

**Plaintiffs' Claim.** Plaintiffs filed their complaint pursuant to Section 16(b) of the Fair Labor Standards Act, which is codified at 29 U.S.C. § 216(b).

---

[1] Plaintiffs' complaint alleges a collective action pursuant to 29 U.S.C. § 216(b). As such, the parties have proposed a longer discovery period to deal with potential issues that may arise in a proposed collective action. Further, the dates proposed and the trial length are subject to change depending on the number of potential members who may be involved in the proposed collective action.

330341.1

Plaintiffs claim that they and other similarly situated current and former employees were not paid overtime properly during work weeks in which they worked more than forty hours.

**Defendants' Defenses**. Defendants deny plaintiffs' allegations and contend that they have paid all of their employees in accordance with the FLSA. Defendants further deny that plaintiff Gilmore was ever an employee of defendants. Defendants adopt the affirmative defenses contained in their Answer.

3. Pre-discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **April 7, 2008**.

The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on plaintiffs' claims, defendants' affirmative defenses, and the damages claimed by the plaintiffs.

All discovery should be commenced in time to be completed by **April 9, 2009**.

**Interrogatories (Responses due 30 days after service)**

Maximum of 25 interrogatories per party. Each Plaintiff may submit a total of 25 interrogatories to each defendant, including discrete subparts; and defendants may submit a total of 25 interrogatories to each plaintiff, including discrete subparts, without prior approval of the Court.

330341.1

**Requests for Production of Documents (Responses due 30 days after service)**

Maximum of 25 requests for production per party. Plaintiffs may submit a total of 25 requests for production to each defendant, including discrete subparts; and that defendants may submit a total of 25 requests for production to each plaintiff, including discrete subparts, without prior approval of the Court.

**Requests for Admissions (Responses due 30 days after service)**

Maximum of 15 requests for admissions per party. Plaintiffs may submit a total of 15 requests for admissions to each defendant, including discrete subparts; and that defendants may submit a total of 15 requests for admissions to each plaintiff, including discrete subparts, without prior approval of the Court.

**Depositions**

Plaintiffs propose that depositions shall be limited to a maximum of four (4) hours each unless extended by agreement of the parties or by direction of the Court.

Defendants propose that depositions shall be limited to a maximum of seven (7) hours each unless extended by agreement of the parties or by direction of the Court.

  Maximum of 8 depositions for plaintiffs and 8 depositions for defendants per plaintiff.

4.  Reports from retained experts under Rule 26(a) (2) due:

 From the plaintiffs by **September 16, 2008**; and

 From the defendants by **October 15, 2008**.

 Supplementation under Rule 26(e), no later than 30 days before trial.

5.  Other Items:

  a.  The deadline for plaintiffs to execute a HIPAA Authorization is **March 7, 2008**.

  b.  The parties do not request a conference with the Court prior to the entry of the Scheduling Order.

  c.  Motions for Class Certification must be filed no later than **March 31, 2008**.

  d.  The plaintiff should be allowed until **April 25, 2008**, to join additional parties and to amend the pleadings.

  e.  The defendant should be allowed until **May 23, 2008**, to join additional parties and to amend the pleadings.

  f.  All potentially dispositive motions should be filed by **March 5, 2009**.

330341.1

g. Settlement cannot be realistically evaluated prior to at least some discovery.

h. The parties request a final pretrial conference on **May 2009**.

i. Final lists of trial evidence under Rule 26(a)(3) should be exchanged 30 days before trial. The parties also agree to a 14-day period within which to file their written objections to exhibits and witnesses.

j. The case should be ready for trial by **June 2009**, and at this time, is expected to take approximately 2-3 days.

k. Pursuant to the provisions of Section 21.632 of the Manual for Complex Litigation and Rule 42(b) of the Federal Rules of Civil Procedure, Named Defendants submit that any trial of this action should be bifurcated, with the issues of liability and damages to be tried separately.

Plaintiffs oppose any bifurcation with regard to liability and damages.

Respectfully submitted this 12th day of February, 2008.

330341.1

| | |
|---|---|
| */s/ Gregory O. Wiggins* | */s/ J. Tobias Dykes* |
| Gregory O. Wiggins | J. Tobias Dykes (ASB-0483-E66J) |
| WIGGINS CHILDS QUINN & PANTAZIS, LLC | tdykes@constangy.com |
| The Kress Building | **CONSTANGY, BROOKS & SMITH, LLC** |
| 301 19th Street North | 1819 Fifth Avenue North |
| Birmingham, AL  35203 | Suite 900 |
| | Birmingham, Alabama 35203 |
| | Telephone (205) 252-9321 |
| | Facsimile (205) 323-7674 |
| | |
| _____ | /s/ Margaret P. Zabijaka |
| Allwin E. Horn, IV | MARGARET P. ZABIJAKA |
| ALLWIN E. HORN, IV, PC | Florida State Bar No. 0119880 |
| 1130 South 22nd Street, Ste. 4500 | 200 West Forsyth Street, Ste. 1700 |
| Birmingham, AL  35205 | Jacksonville, FL  32202-4317 |
| | (904) 356-8900 |
| | |
| | **ATTORNEYS FOR DEFENDANTS Advanced Disposal Services AND URRUTIA, INC.** |

330341.1