IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL C. MOONEY, | ) | |
| HARRISON GILMORE, | ) | |
| DONNIE L. THARP, and | ) | |
| SAMUEL KING, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **3:07-cv-1018** |
| | ) | **JURY DEMAND** |
| ARROW DISPOSAL/ADVANCE/ | ) | |
| URRUTIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO
FACILITATE NOTICE PURSUANT TO §216(b) OF
THE FAIR LABOR STANDARDS ACT**

## I.  INTRODUCTION

Mitchell Mooney, Harrison Gilmore, Donnie Tharp and Samuel King ("Plaintiffs") filed this case against Arrow Disposal/Advance/Urrutia, Inc., as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). The plaintiffs seek to recover unpaid overtime compensation, prejudgment interest on

1

award of back-pay, liquidated damages and attorneys' fees and costs. The plaintiffs seek to represent all "similarly situated" Truck Drivers (current and former) of the defendant who were employed and who were subject to defendant's uniform policy of not paying them overtime compensation during the three (3) years prior to filing of the Complaint.

To participate in this case, all employees must "opt-in" by filing a written consent to participate in this lawsuit. FLSA, 29 U.S.C. §216(b). In order to decide whether to opt into this case, similarly situated employees need to be apprized of the pendency of this case in an timely manner; otherwise, the claims of many such employees will be barred by the FLSA statute of limitations.[1]

For the reasons stated herein, the plaintiffs request that this Court authorize this case to proceed as a nation-wide collective action, order the requested identification of the potential opt-ins, and authorize the issuance of the plaintiffs' proposed notice (Exhibit "A" - Proposed Notice attached hereto) to be mailed to all Truck Drivers employed with the defendant in the three years prior to the filing of the complaint, informing them of their rights to participate as opt-in plaintiffs in this action.

---

[1]Under the FLSA, the statute of limitations applicable in a given action may be two years or, as the plaintiff allege herein, three years due to defendant's wilful violations of the FLSA. *Knights of Columbus, GA*, 19 F.3d 579, 582 (11th Cir.); *cert. denied*, 513 U.S. 929 (1994); FLSA, 29 U.S.C. §255(a).

## II.   PLAINTIFFS' ALLEGATIONS

The plaintiffs allege, that during their employment with the defendant, they routinely worked more than forty (40) hours per week. Plaintiffs further allege that the defendant was aware of the fact the plaintiffs routinely worked more than forty (40) hours per week and, despite having said knowledge, the defendant refused to pay the plaintiffs overtime compensation for all hours worked over forty (40) per week. (*See* plaintiffs' Declarations attached hereto as attachments B-E[2]).

The defendant has not plead that the plaintiffs are covered by a particular exemption contained within the Fair Labor Standards Act.

## III.   THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE POTENTIAL OPT-INS

A district court has the authority to facilitate timely notice regarding FLSA collective litigation if it finds that there are other employees who may desire to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 168-69 (1989); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Garner v. G.D. Searle Pharm. & Co.*, 802 F.Supp. 418, 419 (M.D.Ala. 1991);

---

[2]Exhibit B - Mitchell C. Mooney's Declaration; Exhibit C - Harrison Gilmore's Declaration; Exhibit D - Donnie L. Tharp's Declaration; and Exhibit E - Samuel King's Declaration.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 575 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 251 (M.D. Tenn. 1996); *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994); *Enterprise Concepts Inc. v. Finnell*, 1998 WL 80411, *2 (Tex. App. - Beaumont 1998).

The court's facilitation of notice to potential opt-in plaintiffs serves "the broad remedial purpose of the Act [FLSA]." *Dybach,* 942 F.2d at 1567, quoting *Braunstein v. Eastern Photographic Lab., Inc.*, 600 F.2d 335, 336 (2nd Cir. 1975), *cert. denied*, 441 U.S. 944 (1979); *see also Hoffman-LaRoche*, 493 U.S. at 170 ("[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources"). Court facilitation of a Section 216(b) collective action also serves the equally important judicial interest of "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Id.* Additionally, early participation by the district court protects against misleading communications by the parties, resolves any dispute among the parties regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, and expedites resolution of the dispute. *Garner*, 802 F.Supp. at 427; *see also* Local Rule 23.1(C)(4)(b)(communication should not misrepresent the status, purpose, and effects of the action). In the present case, early notice serves the critical function of advising potential opt-in plaintiffs of their right to participate in this action

4

by informing them of the requirement to file a consent to join as a party plaintiff pursuant to §216(b) before the running of the applicable FLSA statute of limitations.

When deciding whether to certify a collective action under 29 U.S.C. §216(b), Fair Labor Standards Act, the Eleventh Circuit, like almost all federal circuits, have suggested that district courts adopt the two-tiered approach announced in *Hoffman-LaRoche, Inc. vs. Sperling*, 493 U.S. 165, 169-170 (1989). During the initial "notice" stage, the court determines whether it should "conditionally" certify the class and permit notice to be issued to each of the putative class members. Early certification protects the putative class by allowing them to opt-into the lawsuit and toll their statute of limitations. At the first stage, the court applies a "***fairly lenient***" standard when deciding whether certification in appropriate. The rationale behind the lenient standard is due to the fact that in the "early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence." *Davis vs. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D.Ala. 2004).

For a collective action to be created under §216(b), an employee need only show that he/she is suing his/her employer for himself/herself and on behalf of other employees "similarly situated." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, 519 U.S. 982, 117 S.Ct. 435 (1996). Plaintiffs' claims need not be identical to those of putative class members, but need only be similar. *Id*.; *Tucker*,

872 F.Supp. at 947. Plaintiffs need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson v. K Mart*, 79 F.3d at 1097.

The standard plaintiffs must meet is thus considerably "less stringent" than the proof required pursuant to Fed.R.Civ.P. 20(a) for joinder or Fed.R.Civ.P. 23 for class certification. *Grayson v. K Mart*, 79 F.3d at 1096; *see also*, *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)(applying a "fairly lenient standard" for §216(b) determinations). A collective action does not, therefore, have to meet the particularized Rule 23(a) criteria of numerosity, commonality, typicality, and adequacy of representation. It is also abundantly clear that the notice motion is not a ruling on the merits of the plaintiffs' claims. *Grayson v. K Mart*, 79 F.3d at 1099 n.17; *Garner*, 802 F.Supp. at 423 n.3. *See also, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)(plaintiffs need not demonstrate they will prevail on the merits to obtain class certification under the more demanding requirements of Fed.R.Civ.P. 23).

Discovery **is not** necessary prior to a determination on the issue of §216(b) notice, *Mooney vs. Aramco Services Co.*, 54 F.3d 1207, 1213-1214 (5th Cir. 1995). Rather, a collective action is to be authorized and notice issued when the plaintiffs have demonstrated a reasonable basis for the allegations of the complaint by filing declarations and consents from class members. *Grayson v. Kmart*, 79 F.3d 1086,

6

1097 (11th Cir. 1996). Even where defendant offers contradictory evidence, the motion is not defeated so long as plaintiffs "successfully engage" the defendant's proof. *Grayson vs. Kmart*, 79 F.3d at 1099 n. 17.

In sum, all plaintiffs need demonstrate at this stage of a collective action is that "there are other employees of the . . . employer who [may] desire to 'opt-in'" and that these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions." *Dybach*, 942 F.2d at 1567-68; *Tucker*, 927 F.Supp. at 947. Plaintiffs may establish this through "substantial" and "detailed allegations" in their complaint with some evidentiary support in the form of declarations. (*See* attached plaintiffs' declarations); *Grayson v. K Mart*, 79 F.3d at 1097. One of purposes of notice is to apprize potential plaintiffs of the pendency of the action and to advise them of their right to opt into the case. Without notice a defendant who is violating the FLSA will be allowed to continue to violate the act and continue to deny potential plaintiffs the pay they are entitled to. As demonstrated, plaintiffs more than meet this standard for creating an opt-in class and for issuance of notice under §216(b).

## IV. ISSUANCE OF NOTICE IS APPROPRIATE TO EFFECTUATE THE FLSA'S BROAD REMEDIAL PURPOSES AS PLAINTIFFS <u>MEET THE "SIMILARLY SITUATED" STANDARD</u>

The plaintiffs have carried their burden of demonstrating the propriety of

proceeding as a collective action. Typically, discovery is not necessary prior to a determination on the issue of §216(b) notice. *Mooney,* 54 F.3d at 1213-14. Rather, a collective action is to be authorized and notice issued when the plaintiffs have demonstrated a "reasonable basis" for the class allegations of the complaint by filing declarations and consents from class members. *Grayson v. K Mart,* 79 F.3d at 1097. The declarations of the plaintiffs more than satisfy the "lenient" standard the Eleventh Circuit Court of Appeals has established that district courts should follow when deciding whether to issue Notice to other similarly situated individuals.

Plaintiffs' motion is more than adequately supported by the detailed allegations in the Complaint along with the attached Declarations. This evidentiary showing more than establishes "a reasonable basis" for proceeding as a collective action. Even where defendant offers contradictory evidence, the motion is not defeated so long as plaintiff "successfully engage" the defendant's proof. *Grayson v. K Mart,* 79 F.3d at 1099 n.17.

The plaintiffs have more than satisfied the quantum of proof typically required for issuance of notice. For example, in *Tucker,* 872 F.Supp. at 943, a collective action was authorized on the evidence provided by one named plaintiff and two subsequent opt-ins. In *Garner,* 802 F.Supp. at 422, the court required issuance of notice where

plaintiffs identified 40 employees with prima facie claims of age discrimination.[3]

Similarly, in *Belcher,* 927 F.Supp. at 252, the court found sufficient evidence in the twenty-four (24) affidavits filed by plaintiffs in support of their motion that the employer's "practices were not limited to a single store or region." In sum, the plaintiffs' proof is more than adequate to support a finding that there are "similarly situated" employees who should be apprized of the pendency of this action and given an opportunity to opt-in.

## V.    MANAGEABILITY OF A COLLECTIVE ACTION AND INDIVIDUALIZED DEFENSES

It is also abundantly clear that the notice motion is not a ruling on the merits of the plaintiffs' claims. *Grayson v. K Mart*, 79 F.3d at 1099 n.17; *Garner*, 802 F.Supp. at 423 n.3; s*ee also, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)(plaintiffs need not demonstrate they will prevail on the merits to obtain class certification under the more demanding requirements of Fed.R.Civ.P. 23). Therefore, any argument at this stage of the proceeding that certification of the case would make cause the case to become unmanageable is premature. The Court is not certifying the case when it authorizes notice to be sent it is only *conditionally* certifying the case. Any argument

---

[3]Age discrimination claims brought under the Age Discrimination in Employment act (ADEA) are subject to the same opt-in mechanism as in the FLSA at Section 216(b). *Hoffman-LaRoche*, 493 U.S. at 168; *Grayson v. K Mart*, 79 F.3d at 1096.

in regards to the merits of the potential plaintiffs claims is made at the second stage

of the proceeding (decertification) and should not be considered by the Court when

deciding to authorize notice.

The claims of the class, if the case is later certified, would be tried through

representative testimony. Any argument that individualized discovery would make the

case unmanageable is without foundation. *Anderson v. Mt. Clemens Pottery Co.,* 328

U.S. 680 (1946) and its progeny clearly hold that similarly situates plaintiffs may rely

upon representative testimony to recover relief from an employer violating the FLSA.

(*See Donavan v. New Floridian Hotel, Inc.,* 676 F.2d 468 (11th Cir. 1982) and

*Brennan v. General Motors Acceptance Corp.,* 482 F.2d 825 (5th Cir. 1973)).

The Eleventh Circuit has made it clear that individualized defenses is not a

defense to a case proceeding as a collective action. Potential plaintiffs do not have to

be *identical* in order for the case to proceed as a collective action. *Baum v. Shoney's,*

*Inc.,* No. 98-423-CV-ORL-19B, 1998 U.S. Dist. LEXIS 21484, *4 (M.D. Fla. Dec.

3, 1998)( In determining whether potential class member are similarly situated, the

Eleventh Circuit does not require a showing that potential class members were together

the victims of a single decision, policy or plan); *Shain v. Armour & Co.,* 40 F.Supp.

488,490 (W.D. Ky. 1941)("The evident purpose of the act is to provide one law suit

in which the claims of different employees, different in amount but all arising out of the

10

same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other. In such instances, where liability is denied by the employer, there are certain questions of both and fact which are common to all employees engaged in the same character of work.").

## VI.   NOTICE MUST BE EXPEDITED DUE TO THE RUNNING OF THE STATUTE OF LIMITATIONS

Notice to the class should be expedited in this action in order to toll the running of the statute of limitations as to the claims of potential opt-ins who have worked as Truck Drivers for the defendant during the past three years. The statute of limitations is tolled for a named plaintiff in a FLSA collective action on the date the complaint is filed.  For those current and former employees who opt-in, however, the statute is tolled only on the later date when each individual's written Consent to Become a Party Plaintiff form is filed with the court. *Grayson v. K Mart,* 79 F.3d at 1105-06; 29 C.F.R. §790.21(b)(2).

For each day that passes while notice has not been provided to potential opt-ins said opt-in may lose their right to sue. The information that the proposed notice (Exhibit "A") contains is, thus, essential to allow defendant's current/former Truck Drivers to act expeditiously to protect their interests.  Without notice, they would remain unaware of the pendency of the action or of their right to opt-in, and they

would be powerless to prevent their claims from becoming untimely.

Therefore, notice should be expedited in this action to the maximum extent feasible and should be sent to all "similarly situated" Truck Drivers employed at any time during the maximum three-year potential liability period. *See Belcher*, 927 F.Supp. at 252.

## VII.  **THE PROPOSED NOTICE IS FAIR AND ADEQUATE**

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170. The court-authorized notice prevents "misleading communications," such as is often unilaterally disseminated by defendants. *Id*. at 172; *Garner*, 802 F.Supp. at 422. Plaintiffs' proposed notice meets these criteria.

Plaintiffs' proposal for court-approved notice (Exhibit A) to the potential opt-ins is "timely, accurate, and informative" as required. *Hoffman-LaRoche*, 493 U.S. at 172. It provides notice of the pendency of the action and of the opportunity to opt-in. Exhibit A, §§ I, IV. The plaintiffs' legal claims are accurately described (id. at § II) as is the composition of the class (id. at § III). Potential opt-ins are advised that Arrow Disposal/Advance/Urrutia is defending against the claims (id. at § II) and that they are not required to participate (id. at § IV). The notice provides clear instructions

12

on how to opt-in (id. at § IV and VII); describes the legal effect of joining the suit (id. at § V); describes the legal effect of not joining the suit (id. at § VI); notes that the Court expresses no opinion regarding the merits of plaintiffs' claims or the defendant's liability (id. at § VIII); and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action (id. at § IX). *See also* FLSA, 29 U.S.C. § 215 (a)(3); *Reich v. Davis*, 50 F.3d 962 (11th Cir. 1995).

Plaintiffs have proposed that the notice and consent forms (Exhibit "F") be mailed by first class mail to all Truck Drivers employed with the defendant in the last three years prior to the filing of the Complaint. Those class members interested in participating would be required to file their consents with the Court within 90 days of the mailing. This is consistent with established practice under the FLSA. *Hoffman-LaRoche*, 493 U.S. at 172; Garner, 802 F.Supp. at 422 (cut-off date expedites resolution of action); *Hipp*, 164 F.R.D. at 576 (M.D. Fla. 1996)(120-day filing period); *Belcher*, 927 F Supp. at 252-55 (exemplar of company wide notice).

In sum, the proposed notice (Exhibit "A") is fair and accurate and should be approved for distribution.

## VIII.    THE PROPOSED LIMITED DISCOVERY IS ESSENTIAL TO ENSURE TIMELY NOTICE

Discovery of a mailing list for Section 216(b) class members is a routine

component of notice in collective actions. *Hoffman-LaRoche*, 493 U.S. at 170

("District Court was correct to permit discovery of the names and addresses . . ."");

*Grayson v. K Mart*, 79 F.3d at 1111 (ordering production of mailing list); *Belcher*, 927

F.Supp. at 252 (same); *Hipp*, 164 F.R.D. at 576 (same). Given that such data would

doubtless be taken from a computerized database, it should be produced by the

defendant in a computerized data file to facilitate the notice process.

## IX.    CONCLUSION

For the foregoing reasons, the Court should grant this motion to: (1) authorize

this matter to proceed as a collective action; (2) authorize mailing of the proposed

notice (Exhibit "A") to all Truck Drivers employed by the defendant during the three

years prior to the filing of the Complaint; and (3) require the defendant to produce a

computer-readable date file containing the names, addresses, Social Security number

and telephone numbers of all such potential opt-in plaintiffs so that notice may be

implemented.

Respectfully submitted,


/s/Gregory O. Wiggins
Gregory O. Wiggins
Counsel for the Plaintiffs


OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500


Allwin E. Horn, IV
ALLWIN E. HORN, IV, PC.
1130 South 22nd Street, Suite 4500
Birmingham, Alabama 35205
205/877-8700

15

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing by CM/ECF today, April 7, 2008, with copies being served on:

Margaret P. Zabijaka
Constangy, Brooks & Smith, LLC
200 West Forsyth Street, Suite 1700
Jacksonville, Florida 32202-4317

Tobias J. Dykes
Constangy, Brooks & Smith, LLC
One Federal Place, Suite 900
1819 Fifth Avenue South
Birmingham, Alabama 35203

/s/Gregory O. Wiggins
OF COUNSEL



## NOTICE OF PENDING LAWSUIT TO RECOVER OVERTIME WAGES

TO:        Truck Drivers of Arrow Disposal/Advance/Urrutia, Inc. who have held and/or currently hold the position of Truck Driver within three (3) years the date of receiving said Notice.

RE:        Fair Labor Standards Act ("FLSA") lawsuit against Arrow Disposal/Advance/Urrutia, Inc.

### I.    INTRODUCTION

The purpose of this Notice is (1) to inform you of the existence of a lawsuit; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for joining this lawsuit, should you choose to do so.

### II.    DESCRIPTION OF THE LAWSUIT

The lawsuit is brought against Arrow Disposal/Advance/Urrutia, Inc. by plaintiffs Mitchell C. Mooney, Harrison Gilmore, Donnie L. Tharp and Samuel King. These individuals currently work and/or worked as Truck Drivers for Arrow Disposal/Advance/Urrutia, Inc. and allege that as Arrow Disposal/Advance/Urrutia, Inc. Truck Drivers are/were not properly compensated for all the hours they worked. Plaintiffs further allege that they should have been paid overtime wages for all weeks of employment in which they worked over 40 hours per week. Arrow Disposal/Advance/Urrutia, Inc. denies that Truck Drivers are entitled to overtime compensation or any other damages and asserts that it paid its Truck Drivers properly under the law by paying them a weekly salary.

### III.    NO RETALIATION PERMITTED

Federal law prohibits Arrow Disposal/Advance/Urrutia, Inc. from retaliating against you for joining in this lawsuit.

### IV.    TO JOIN THIS LAWSUIT

If you are a **current** or **former** Truck Driver employed within three (3) years from the date of receiving said Notice to the present and wish to join this lawsuit, **you must sign, date, and mail the attached Consent to Become Party Plaintiff form to the Clerk of the Court by 5:00 p.m. on**

_____, **2008.**

Clerk of the Court
UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA
United States Courthouse
One Church Street
Montgomery, Alabama 36104

If you choose to join this suit, you will be bound by the judgment.

1

**V.    NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE**

This Notice is for the sole purpose of determining the identity of those persons who wish to be

involved in this lawsuit. Although the United States District Court for the Middle District of Alabama, Eastern

Division, has authorized the sending of this notice, the Court expresses no opinion regarding the merits of

Plaintiffs' claims or Arrow Disposal/Advance/Urrutia, Inc.'s defenses.

**VI.    LEGAL REPRESENTATION IF YOU JOIN THE LAWSUIT**

The names and addresses of your attorneys are:

> Gregory O. Wiggins
> WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama 35203
>
> Allwin E. Horn, IV
> ALLWIN E. HORN, IV, P.C.
> 1130 South 22nd Street, Suite 4500
> Birmingham, Alabama 35205

For further information about how to become a party plaintiff, you may telephone:

TOLL FREE NUMBER:              _____

The names and addresses of the attorneys who represent Arrow Disposal/Advance/Urrutia, Inc. are:

> Margaret P. Zabijaka
> Constangy, Brooks & Smith, LLC
> 200 West Forsyth Street, Suite 1700
> Jacksonville, Florida 32202-4317
>
> Tobias J. Dykes
> Constangy, Brooks & Smith, LLC
> One Federal Place, Suite 900
> 1819 Fifth Avenue South
> Birmingham, Alabama 35203

For further information, Arrow Disposal/Advance/Urrutia, Inc.'s lawyers may be reached at:

TOLL FREE NUMBER:              _____

2



**B**

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MITCHELL C. MOONEY,              )
HARRISON GILMORE,                )
DONNIE L. THARP, and             )
SAMUEL KING, on behalf of        )
themselves and others similarly  )
situated,                        )
                                 )
          Plaintiffs,            )
                                 )
vs.                              )      CIVIL ACTION NUMBER:
                                 )      3:07-cv-1018
                                 )      JURY DEMAND
ARROW DISPOSAL/ADVANCE/ )
URRUTIA, INC.,                   )
                                 )
          Defendant.             )

## DECLARATION OF MITCHELL C. MOONEY

Mitchell C. Mooney, first being duly sworn, hereby states the following under penalty of perjury pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that the following is true and correct based on my personal knowledge.

1.  I am a former employee of Advanced Disposal Services and Urrutia, Inc. (hereinafter "Advanced").

2.  I was employed with Advanced from June 2005 until July 2007. During

1

all relevant times to my employment with Advanced, I was employed in the position known as a Truck Driver.

3.    Throughout my employment, I was paid an hourly rate of pay. During my employment, I was required to consistently work more than 40 hours per week. I was denied overtime compensation while I was employed with Advanced.  Despite the fact that I consistently worked in excess of 40 hours per week, I was not paid 1 and 1/2 time my hourly rate for all hours I worked over 40 per week.

4.    My supervisors knew that I routinely worked more than 40 hours per week. My supervisors knew that I was not receiving overtime compensation for all hours worked in excess of 40.

5.    I am personally aware of other hourly employees who may be interested in joining in this case if given the opportunity.

_____
Mitchell C. Mooney

3-8-8
_____
Date

2



# IN THE UNITED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| MITCHELL C. MOONEY, | ) | |
| HARRISON GILMORE, | ) | |
| DONNIE L. THARP, and | ) | |
| SAMUEL KING, on behalf of | ) | |
| themselves and others similarly | ) | |
| situated, | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
|  | ) | |
| vs. | ) | **CIVIL ACTION NUMBER:** |
|  | ) | **3:07-cv-1018** |
|  | ) | **JURY DEMAND** |
| ARROW DISPOSAL/ADVANCE/ | ) | |
| URRUTIA, INC., | ) | |
|  | ) | |
| **Defendant.** | ) | |

## DECLARATION OF HARRISON GILMORE

Harrison Gilmore, first being duly sworn, hereby states the following under penalty of perjury pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that the following is true and correct based on my personal knowledge.

1.      I am a former employee of Advanced Disposal Services and Urrutia, Inc. (hereinafter "Advanced").

2.      I was hired by the defendant through a staffing agency, Lee Staffing.  I

1

worked out of the Arrow Disposal Alexander City Office. I worked for approximately three-six months in 2005. During all relevant times to my employment with Advanced, I was employed in the position known as a Truck Driver.

3.    Throughout my employment, I was paid an hourly rate of pay. During my employment, I was required to consistently work more than 40 hours per week. I was denied overtime compensation while I was employed with Advanced. Despite the fact that I consistently worked in excess of 40 hours per week, I was not paid 1 and 1/2 time my hourly rate for all hours I worked over 40 per week.

4.    My supervisors knew that I routinely worked more than 40 hours per week. My supervisors knew that I was not receiving overtime compensation for all hours worked in excess of 40.

5.    I am personally aware of other hourly employees who may be interested in joining in this case if given the opportunity.

Harrison Gilmore

3/24/08
Date

2

# D



## IN THE UNITED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **MITCHELL C. MOONEY,** ) <br> **HARRISON GILMORE,** ) <br> **DONNIE L. THARP, and** ) <br> **SAMUEL KING, on behalf of** ) <br> **themselves and others similarly** ) <br> **situated,** ) <br> ) <br>       **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> ) <br> **ARROW DISPOSAL/ADVANCE/** ) <br> **URRUTIA, INC.,** ) <br> ) <br>       **Defendant.** ) | **CIVIL ACTION NUMBER:** <br> **3:07-cv-1018** <br> **JURY DEMAND** |

### DECLARATION OF DONNIE L. THARP

Donnie L. Tharp, first being duly sworn, hereby states the following under

penalty of perjury pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that

the following is true and correct based on my personal knowledge.

1.    I am a former employee of Advanced Disposal Services and Urrutia, Inc.

       (hereinafter "Advanced").

2.    I was employed with Advanced out for the Alexander City Office for

1

approximately six to eight months in 2005. My last date of employment was June 12, 2005. During all relevant times to my employment with Advanced, I was employed in the position known as a Truck Driver.

3.    Throughout my employment, I was paid an hourly rate of pay. During my employment, I was required to consistently work more than 40 hours per week. I was denied overtime compensation while I was employed with Advanced. Despite the fact that I consistently worked in excess of 40 hours per week, I was not paid 1 and 1/2 time my hourly rate for all hours I worked over 40 per week.

4.    My supervisors knew that I routinely worked more than 40 hours per week. My supervisors knew that I was not receiving overtime compensation for all hours worked in excess of 40.

5.    I am personally aware of other hourly employees who may be interested in joining in this case if given the opportunity.

Donnie L. Tharp

3-8-08
Date

2



IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MITCHELL C. MOONEY,                    )
HARRISON GILMORE,                      )
DONNIE L. THARP, and                   )
SAMUEL KING, on behalf of              )
themselves and others similarly        )
situated,                              )
                                       )
            Plaintiffs,                )
                                       )
vs.                                    )    CIVIL ACTION NUMBER:
                                       )    3:07-cv-1018
                                       )    JURY DEMAND
ARROW DISPOSAL/ADVANCE/ )
URRUTIA, INC.,                         )
                                       )
            Defendant.                 )

## DECLARATION OF SAMUEL KING

Samuel King, first being duly sworn, hereby states the following under penalty
of perjury pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that the
following is true and correct based on my personal knowledge.

1.    I am a former employee of Advanced Disposal Services and Urrutia, Inc.
      (hereinafter "Advanced").

2.    I was employed with the defendant out of its Alexander City Office.

1

I was employed for approximately a year or more with the defendant in approximately 2005. During all relevant times to my employment with Advanced, I was employed in the position known as a Truck Driver.

3. Throughout my employment, I was paid an hourly rate of pay. During my employment, I was required to consistently work more than 40 hours per week. I was denied overtime compensation while I was employed with Advanced. Despite the fact that I consistently worked in excess of 40 hours per week, I was not paid 1 and 1/2 time my hourly rate for all hours I worked over 40 per week.

4. My supervisors knew that I routinely worked more than 40 hours per week. My supervisors knew that I was not receiving overtime compensation for all hours worked in excess of 40.

5. I am personally aware of other hourly employees who may be interested in joining in this case if given the opportunity.

_____
Samuel King

3  12  08
_____
Date



## IN THE UNITED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MOONEY, JOHN** | ) | |
| **LEE, HARRISON GILMORE,** | ) | |
| **and DONNIE L. THARP,** | ) | |
| **on behalf of themselves and** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **CV-07-** |
| | ) | **JURY DEMAND** |
| **ARROW DISPOSAL/ADVANCE/** | ) | |
| **URRUTIA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now _____ pursuant to 29 U.S.C. §216(b)

and files this consent to become a party plaintiff in the case *Mooney, et al. vs. Arrow*

*Disposal/Advance/Urruita, Inc.*

I hereby specifically authorize the named plaintiff(s), along with counsel of

record for the named plaintiff(s), as my agent to prosecute this lawsuit on my behalf,

to make any and all decisions with respect to the conduct of this litigation, and to

negotiate and/or settle any and all compensation claim(s) I have against defendant in

this lawsuit.

_____

Name (PRINT NAME)

_____

Name (SIGN NAME)

_____

Date

Social Security Number: _____

Address: _____

_____

_____

Telephone Number: _____

Dates Worked as Truck Driver: _____

_____

_____

Location Worked as Truck Driver: _____

_____

_____