**IN THE UNITED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MITCHELL C. MOONEY,** | ) | |
| **HARRISON GILMORE,** | ) | |
| **DONNIE L. THARP, and** | ) | |
| **SAMUEL KING, on behalf of** | ) | |
| **themselves and others similarly** | ) | |
| **situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **3:07-cv-1018** |
| | ) | **JURY DEMAND** |
| **ARROW DISPOSAL/ADVANCE/** | ) | |
| **URRUTIA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'**
**MOTION TO FACILITATE NOTICE AND OBJECTIONS TO**
**PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM**

**I.    BACKGROUND**

On February 12, 2008, the parties submitted their Report of Parties Planning

Meeting form. (Doc. #20).  In their Report, the parties asked for an extended time

period in which to conduct discovery due to the potential number of opt-in who may

join the case. In addition, the parties set March 31, 2008, as the deadline for the

plaintiffs to file their Motion to Facilitate Notice.  On March 5, 2008, this Court

1

entered an Order adopting the parties' March 31, 2008 deadline. The plaintiffs filed their motion and evidentiary submission with the court on April 7, 2008.[1]  On April 28, 2008, the defendant filed its opposition.

The defendant opposes plaintiffs' Motion to Facilitate Notice based upon its arguments that: (1) plaintiffs have no evidence of other similarly situated current/former employees willing to opt in; (2) because the plaintiffs allegedly did not work for Advance Disposal Systems (hereinafter "ADS") and, (3) because plaintiffs are allegedly not similarly situated to each other or to the putative members of their proposed class.  In addition, the defendant objects to plaintiffs' proposed form of notice and further objects to the form of the plaintiffs' proposed consent form.

For the following reasons, plaintiffs' Motion to Facilitate Notice is due to be granted and plaintiffs' proposed notice and consent form, with plaintiffs' suggested changes, is due to be sent to all current/former employees employed with either Urrutia d/b/a Arrow Disposal and/or Advance Disposal Systems d/b/a Arrow Disposal within the last three years in the position of Truck Driver.

---

[1]Plaintiffs requested and were granted a week's extension by the court to file their submission.

## II.    LEGAL STANDARD GOVERNING
## <u>THE SENDING OF NOTICE</u>

The legal standard utilized in deciding whether to conditionally certify a collective action in the Eleventh Circuit and most every other circuit has been set out in *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 171 (1989); *Dybach v. Florida Department of Corrections,* 942 F.2d 1562 (11th Cir. 1991) and *Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001).[2]

The court, in *Hipp*, adopted a two-tier approach in collective actions cases such as the one now before the court. The first stage is the "notice stage."  At the notice stage utilizing a ***fairly lenient*** standard, the court determines whether or not notice should be provided to other similarly situated employees currently or formerly employed with the defendant.  Because usually no discovery has been conducted in the case, the court bases its decision on the pleadings and any affidavits/declarations which have been submitted. Courts typically "conditionally certify" the class and notice is issued to putative class members informing them of their right to opt into the case.

---

[2]Plaintiffs have previously set out, in detail, in their brief in support of their Motion to Facilitate Notice the authority a district court has to issue notice, the purpose of the court's facilitation of notice and the standard plaintiffs must meet for a court to conditionally certify a collective action. (See pages 3-7) Therefore, plaintiffs will not reargue the same arguments previously submitted to this court.

The second stage, typically referred to as the "decertification stage" occurs after discovery is largely complete and is precipitated by the defendant filing a motion for decertification. The court then makes a factual determination, based upon much more information that has been gathered through discovery, on the similarly situated question. The defendant agrees that the present case is at the "*notice stage*" and the more **lenient standard** applies. (*See* defendant's opposition brief, page 8).

## III.   <u>EVIDENCE OF OTHERS WILLING TO OPT IN</u>

Courts have consistently held that at the notice stage plaintiffs may rely upon the detailed allegations of their complaint along with affidavits to support their motion to facilitate notice to other similarly situated individuals. *Grayson v. K Mart,* 79 F.3d 1086, 1097 (11th Cir. 1996).  The plaintiffs have submitted 4 declarations to support the detailed allegations contained within their complaint. Contrary to the defendant's argument, the plaintiffs' declarations more than meet the lenient standard followed by the courts when deciding whether to allow notice to be sent to potential class members.

The defendant first argues that the plaintiffs' declarations do not specifically identify who they know that may wish to opt into this litigation nor do they identify whether these potentially interested individuals worked for Urrutia or ADS. The defendant is correct that the declarations do not identify the names of any particular

4

individual who may wish to opt into this litigation nor do they identify for whom these individuals worked.[3] However, there is no such requirement that the plaintiffs identify by name all individuals they know who may wish to join the litigation or for whom these individuals worked. The plaintiffs' statements that they are "personally aware of other employees who may be interested in joining this case if given the opportunity" is more than sufficient evidence to meet the lenient standard utilized by the courts.

To support its argument of specificity the defendant cites the court to *Mackenzie v. Kindred Hospitals East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D.Fla. 2003) and *Davis v. Charoen Papkphand,* 303 F.Supp.2d 1272 (M.D.Ala. 2004). The defendant's reliance on *Mackenzie* and *Davis* is misplaced.

In *Mackenzie,* there was but ***one*** plaintiff who *failed to offer **any** evidence that any other individuals desired to join the lawsuit. See Mckenzie* at 1220. In fact, in *Mackenzie,* the plaintiff *admitted that he did not know of anyone who wanted to join the lawsuit* and further acknowledged he was *unsuccessful in persuading* two former colleagues to participate in the lawsuit. *Id*. (emphasis added). In the present case, although all four individuals are named plaintiffs, *only plaintiff Mooney initiated the*

---

[3]As will be discussed in more detail later in this reply, the plaintiffs worked for Arrow Disposal, who was owned and operated by both Urrutia and ADS.

*case*. After consulting with his counsel, plaintiff Mooney then proceeded to locate three other individuals who also wanted to join in the case with him. Therefore, Mooney has already demonstrated that other individuals will join if given the opportunity. The facts in the present case are dramatically different than the *Mackenzie* facts.[4]

In *Davis,* extensive discovery had been conducted which caused the court to utilize a more stringent review of the record as opposed to the more lenient review as suggest in *Hipp*. *Davis* at 1276. In addition, the *Davis* plaintiffs *did not* file any affidavits to support their position that other employees may desire to opt in if given the opportunity. Further, the plaintiffs testified that they *did not know* of any other employees interested in joining the litigation. *Davis* at 1277. In addition, the *Davis* court recognized the fact that other courts had affirmed the existence of other employees solely on the basis of affidavits. *Davis* at 1277 (*citing Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362 (M.D.Ala. 1999); *White v. Osmose, Inc.,* 204 F.Supp. 2d 1309, 1316 (M.D.Ala. 2002)).

At the notice phase, courts employ a relatively lenient standard in determining

---

[4]The defendant also cites *Mackenzie* at 1221 for the proposition that the court rejected plaintiffs' motion for notice to individuals "with different job titles and job duties distinct from, or unknown to, the plaintiff." Again, the *Mackenzie* facts differ from the current facts in that plaintiffs are only seeking notice to individuals who held *one* job title.

whether a collective action is appropriate. To satisfy the similarly situated requirement, plaintiffs need only show that their positions are similar, not identical. *Hipp* at 1217. The similarly situated requirement of §216(b) is more elastic and less stringent than the requirements found in Rules 20 and 42. At the notice stage, courts require nothing more than substantial allegations that putative class members job responsibilities and pay provisions are similar. *Bradford v. Bed Bath & Beyond, Inc.,* 184 F.Supp.2d 1342, 1345 (N.D. Ga. 2002). To demonstrate that other potential plaintiffs are similarly situated to him, a plaintiff must make only a *modest* factual showing sufficient to demonstrate that [he] and potential plaintiffs together are similarly situated. The declarations submitted by the plaintiffs more than meet the lenient standard adopted by the courts when deciding whether to conditionally certify a collective action.

The defendant has submitted 5 declarations in support of its opposition. Plaintiffs are unsure exactly why the defendant submitted 4 of the 5 declarations because they do not support any of the defendant's arguments against conditional certification. The declarations submitted by the defendant do not dispute the Plaintiffs' declarations. Most notably, the defendant's declarants who are/were truck drivers for Arrow Disposal while both Urrutia and ADS owned and operated the company during the relevant statute of limitations time period do not declare that they

would not join the lawsuit if given the opportunity.

The declarations submitted by the defendant are, in fact, extremely helpful to the plaintiffs in so far as establishing the fact that all Truck Drivers are similarly situated. The declarations establish that all Truck Drivers are paid a day rate and then for time worked over 40 hours, the week rate changes. Not one of the declarations offer any evidence that would remotely support the defendant's position that all truck drivers are not similarly situated. Not one of the declarants declare that the job duties of a truck differ based on the location a truck driver works and not one of the decalarants declares that his job duties changed when ADS purchased Arrow Disposal from Urrutia. If, in fact, the job duties were different today under ADS d/b/a Arrow Disposal as compared to the job duties performed when Urrutia owned and operated Arrow Disposal the defendant would have certainly come forward with evidence which would support such a claim. The mere fact that the defendant has not come forward with such evidence is a strong indicator that the job duties of truck drivers today are the same as when the plaintiffs were employed with Arrow Disposal.

## IV.  ALL OF THE PLAINTIFFS WORKED FOR ARROW DISPOSAL AND ALL ARE SIMILARLY SITUATED

The defendant argues that the plaintiffs are not similarly situated to each other

or the class they seek to represent for several reasons.  First, the defendant argues that because the plaintiffs never worked for ADS or received a check from ADS, they cannot represent ADS employees.  The defendant's argument is much akin to what is commonly referred to as the "shell game."  The true fact is the plaintiffs worked for Arrow Disposal.  Simply because ADS subsequently bought Arrow Disposal from Urrutia does not change the fact that the real employer was and always has been Arrow Disposal.

Urrutia and subsequently ADS both have held itself out to the public as Arrow Disposal. The bills they send to their customers come from Arrow Disposal. The checks made out by the customers when they pay their bills are made out to Arrow Disposal. The trucks driven by the drivers have Arrow Disposal on them, not Urrutia or ADS. The uniforms worn by the employees have Arrow Disposal on them not Urrutia or ADS.  The building where the employees report to work has Arrow Disposal on it.  Arrow Disposal is the true employer even though it has been owned and operated by Urrutia and ADS.

Perhaps the strongest evidence that demonstrates who the true employer is comes from the declarations submitted by the defendant. The affidavits of Cannon, Burkhalter, Tumlin and Gibson all declare they have always worked for Arrow Disposal, regardless of who owned Arrow Disposal.  Cannon declares "I work as a

truck driver for *Arrow Disposal* and have worked for *Arrow Disposal* since 2004 or early 2005"; Burkhalter declares "I have worked as a truck driver and a supervisor for *Arrow Disposal* since October 25, 2005"; Tumlin declares "I work as a truck driver for *Arrow Disposal* and have worked for *Arrow Disposal* since 2004 or early 2005" and Gibson declares "I am Site Manager for *Arrow Disposal* transfer Station in Alexander City. I have worked for *Arrow Disposal* as a Site Manager in Alexander City for about 3 years." All four of these current employees worked during the same time period that the 4 plaintiffs worked for the defendant. All four of these individuals worked for the same company, Arrow Disposal, as the plaintiffs worked for, performed the same job duties as the plaintiffs performed and were paid pursuant to the same pay policy as the plaintiffs were paid. The fact that Urrutia, Inc. d/b/a Arrow Disposal was purchased by ADS d/b/a Arrow Disposal after the plaintiffs' employment had ended is of little consequence.

The defendant attempts to argue that because the plaintiffs are former employees they cannot represent current employees in this action. That is simply not true. First, the definition of a representative under §216 is different from a Rule 23 class representative. Second, other courts have found that former employees can adequately represent both former and current employees in a FLSA collective action. *See Brown v. Money Tree Mtg. Inc.*, 222 F.R.D. 676, 682 (D.Kan. 2004)(holding that

a former employee, employed for only seven weeks, could properly represent both former and current employees in a FLSA collective action).

The defendant further argues that the plaintiffs have not presented any evidence that they are similarly situated to Truck Drivers who worked outside of the Alexander City facility. (*See* defendant's opposition brief, page 13). Whereas this may be true because no discovery has been conducted on this issue, to date, the defendant has failed to offer any evidence that Truck Drivers employed at other facilities are not similarly situated to Truck Drivers employed only at the Alexander City facility. The declarations submitted by the defendant are silent on this point. If, in fact, there were differences between the job duties of truck drivers at other facilities, the defendant would have surely offered said evidence to support their opposition. At the notice stage, district courts make decisions usually based on the pleadings and affidavits which have been submitted. "Because the court has minimal evidence, this (notice) determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class." *Lima v. International Catastrophe Solutions, Inc.,* 493 F.Supp.2d 793, 797-798 (E.D.La. 2007).

Based upon the evidence submitted by the defendant, it appears that all truck drivers regardless of their work station location are going to be similarly situated. For

example: (1) there is *one* employee handbook for all employees (Exhibit "A" to the Declaration of Guest, ¶3); (2) *all* ADS drivers typically record their time in one of two ways, (Exhibit "A" to the Declaration of Guest, ¶3); and (3) *all* drivers are paid a guaranteed day rate plus overtime for hours worked in excess of 40 during a work week (Exhibit "A" to the Declarations of Guest, ¶¶2,5; Exhibit "B" to the Declaration of Cannon, ¶1; Exhibit "C" to the Declaration of Burkhalter, ¶2; Exhibit "D" to the Declaration of Tumlin, ¶1; Exhibit "E" to the Declaration of Gibson, ¶2). Notably missing from the defendant's submission is *any* evidence whatsoever that the job duties of truck drivers working for Arrow Disposal under either Urrutia or ADS differ. If the job duties are the same and the pay structure is the same then regardless if Urrutia or ADS owned and operated Arrow Disposal then it stands to reason that all drivers are similarly situated.

## V.    WHETHER A VIOLATION OF FLSA HAS OCCURRED OR WHETHER PLAINTIFF GILMORE WAS AN EMPLOYEE OF URRUTIA OR ADS ARE NOT  ISSUES TO BE CONSIDERED BY THE COURT AT THE NOTICE STAGE

The defendant argues that it paid Truck Drivers the proper amount of overtime compensation for all hours worked over 40 per week and that plaintiff Gilmore was never employed with Urrutia or ADS. Whether or not they did or did not properly compensate the plaintiffs and whether plaintiff Gilmore was an employee of Urrutia

or ADS are not issues this court is to consider when deciding plaintiffs' motion to facilitate notice. *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005)(the focus of this inquiry (notice) is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C.§ 216(b) with respect to their allegations that the law has been violated. *See Krueger v. N.Y. Tel. Co.,* 1993 WL 276058, AT *2 (S.D.N.Y. 1993)([T]he court need not evaluate the merits of plaintiffs' claims in order to determine whether 'similarly situated' group exists."). Whether or not the defendant properly paid all truck drivers all of their overtime compensation is a merits issue that is not to be considered until stage two, decertification, of the proceeding. The same is true in regards to the defendant's argument that plaintiff Gilmore, was never employed with either Urrutia or ADS.  In considering whether the putative plaintiffs are similarly situated, courts for the purpose of notice, Courts should only consider the pleadings and affidavits filed by the plaintiffs because, at this point in the proceeding the Court should not weigh the evidence.  *Geer v. Challenge Financial Investors Corporation,* 2006 WL 2648054 (D.Kan. 2005); *see Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676,680 (D.Kan.2004)(considering only the amended complaint and affidavits submitted by plaintiff in deciding whether to conditionally certify at the notice stage); *see also Theiessen v. G.E. Capital Corp.,* 267 F.3d 1095,

(10th Cir. 2001)(reversing the district's court decision to decertify a class at the second stage because the district judge weighed the evidence and made factual findings, which "essentially deprived of their right to have the issues decided by a jury, or at least have the court determine under summary judgment standards, whether there was sufficient evidence to send the issue to the jury"); *Renfro v. Spartan Computer Services, Inc.,* 243 F.R.D. 431 (D.C.Kan. 2007)(courts have repeatedly held that at the notice stage of certification, a court need only consider the substantial allegations along with supporting affidavits or declarations); *Williams v. Sprint/United Mgmt. Co.,* 222 F.R.D. 483, 485(D.Kan. 2004)(at notice stage, court analyzes certification under lenient standard looking to substantial allegations and plaintiff's affidavits.).

Therefore, whether or not the plaintiffs were properly compensated for all of their overtime hours and whether plaintiff Gilmore was an employee of Urrutia or ADS are not issues this court should consider when ruling on plaintiffs' Motion to Facilitate Notice.

## VI.    NOTICE IS DUE TO BE SENT TO AT LEAST ALL TRUCK DRIVERS EMPLOYED WITH URRUTIA DURING THE RELEVANT STATUTE OF LIMITATIONS TIME PERIOD[5]

The plaintiffs have more than adequately demonstrated that all truck drivers employed with Arrow Disposal, regardless if Arrow Disposal was owned and operated by Urrutia or ADS, are similarly situated.  The Eleventh Circuit has repeatedly held that "[w]hen determining if persons are similarly situated under the FLSA, the Eleventh Circuit requires a determination that the individuals "are similarly situated with respect to their job requirements and with regard to their pay provisions. *Tucker v. Labor Leasing, Inc.,* 872 F.Supp 941 (M.D.Fla. 1994), *citing Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1567(11th Cir. 1991). The defendant's own declarations establish all truck drivers are similarly situated with respect to their job requirements and with regard to their pay provisions. To be similarly situated, courts have held positions need not be identical but similar. *Rijas v. Seal Produce, Inc.,* 82 F.R.D. 613, 616 (S.D.Tex. 1979). The plaintiffs are only seeking notice to be sent to one classification of employees, i.e. Truck Drivers.

---

[5] If the plaintiffs' allegations are correct, limiting the scope of the class to only employees employed with Urrutia d/b/a Arrow Disposal will likely only cause another lawsuit to be later filed by employees solely employed with ADS d/b/a Arrow Disposal. This is true because the defendant admits that Urrutia and ADS utilize the same pay methods for calculating overtime compensation and, therefore, employees employed solely with ADS would also be due additional overtime compensation.

15

Therefore, without any evidence to the contrary, the court should be satisfied at this stage of the proceeding, that the position of truck driver is similar regardless of the employees work location.

Based upon the detailed allegations contained in the plaintiffs' complaint as well as the plaintiffs' and defendant's declarations, the plaintiffs have more than met the lenient standard imposed by courts when deciding whether or not to allow notice to be sent to other similarly situated truck drivers employed at Arrow Disposal during the preceding three years. However, should the court be inclined to agree with the defendant's position, i.e. that the plaintiffs were never employed with ADS, then notice should still be sent all employees employed with Urrutia, Inc. d/b/a Arrow Disposal during the relevant statute of limitations time period. ADS did not purchase Arrow Disposal from Urrutia until June 4, 2007. Therefore, only the employees who have worked *solely* for ADS since June 4, 2007 should be excluded from receiving notice.[6]

## VII.  CONDITIONALLY CERTIFYING THE CASE WOULD RESULT IN THE EFFICIENT RESOLUTION OF ALL ISSUES

The defendant makes a feeble argument that "certifying a collective action in

---

[6]Four of the five individuals whose declarations were submitted by the defendant would receive notice for they were employed with both Urrutia and ADS during the relevant time period.

16

this case would create a "**individualized nightmare**" for the Court." (emphasis added). It is abundantly clear that the notice motion is not a ruling on the merits of the plaintiffs' claims. *Grayson v. K Mart*, 79 F.3d at 1099 n.17; *Garner*, 802 F.Supp. at 423 n. 3; *see also, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)(plaintiffs need not demonstrate they will prevail on the merits to obtain class certification under the more demanding requirements of Fed.R.Civ.P. 23). Therefore, any argument at this stage of the proceeding that certification of the case would make cause the case to become unmanageable is premature. The Court is not certifying the case when it authorizes notice to be sent it is only *conditionally* certifying the case.

The claims of the class, if the case is later certified, would be tried through representative testimony.  Any argument that individualized discovery would make the case unmanageable is without foundation. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) and its progeny clearly hold that similarly situates plaintiffs may rely upon representative testimony to recover relief from an employer violating the FLSA. (*See Donavan v. New Floridian Hotel, Inc.,* 676 F.2d 468 (11th Cir. 1982) and *Brennan v. General Motors Acceptance Corp.,* 482 F.2d 825 (5th Cir. 1973)).

The Eleventh Circuit has made it clear that the existence of individualized defenses is not a defense to a case proceeding as a collective action. Potential plaintiffs do not have to be *identical*  in order for the case to proceed as a collective

action. *Baum v. Shoney's, Inc.,* No. 98-423-CV-ORL-19B, 1998 U.S. Dist. LEXIS

21484, *4 (M.D. Fla. Dec. 3, 1998)( In determining whether potential class member

are similarly situated, the Eleventh Circuit does not require a showing that potential

class members were together the victims of a single decision, policy or plan); *Shain*

*v. Armour & Co.,* 40 F.Supp. 488,490 (W.D. Ky. 1941)("The evident purpose of the

act is to provide one law suit in which the claims of different employees, different in

amount but all arising out of the same character of employment, can be presented and

adjudicated, regardless of the fact that they are separate and independent of each

other. In such instances, where liability is denied by the employer, there are certain

questions of both and fact which are common to all employees engaged in the same

character of work.").

The defendant's arguments that the court would be required to assess whether

each individual truck drivers hours were properly calculated, determine how much

overtime each individual plaintiff worked, determine how much overtime each

individual worked and the amount each individual is owed is irrelevant at this stage

of the proceeding. This argument is not only irrelevant at this stage of the proceeding

but it also lacks any merit whatsoever. Determining how much overtime each

individual was paid, determining whether or not the amount paid to the plaintiffs was

the proper amount and determining the amount actually owed is nothing more than

simple mathematical computations. The defendant has payroll records and time records that will identify the number of hours the plaintiffs' worked each week and the amount of overtime each plaintiff was paid each week. The calculations then required are not nearly as onerous as the defendant argues. Conditionally certifying the case would allow the efficient resolution of this litigation once and for all.

## VIII.    REPLY TO DEFENDANT'S OBJECTIONS TO PROPOSED NOTICE AND CONSENT FORM

The defendant has 5 alleged objections to plaintiffs' proposed notice. First, the defendant objects to the notice period being 90 days and proposes the time period be only 30 days. Courts generally adopt either a 60 or 90 day opt-in period. *Wren v. RGIS Inventory Specialists,* 2007 WL 4532218; *see Adams* 242 F.R.D. 530, 2007 WL 1089694 at *10 (ninety day opt-in period); *Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 252-254 (M.D.Tenn.1996)(60 day opt-in period); *Sherrill v. Sutherland Global Services, Inc.,* 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007)(90 day opt-in period); *Lima v. International Catastrophe Solutions, Inc.,* 493 F.Supp. 2d 793, 805 (E..D.La. 2007)(90 day opt-in period).

A time period longer than 30 days is needed for several reasons - with the most important reason being the problem that will certainly arise with undeliverable returned notices. Plaintiffs' counsel has learned through his handling of numerous

collective action cases that in every case there has been numerous, if not hundreds, of notices returned undeliverable. Plaintiffs' counsel is then required to use several different sources to try and locate a good address for these individuals. This process takes a considerable amount of time.[7]  Limiting the time period to 30 days will undoubtably cause putative plaintiffs to miss the deadline for joining the lawsuit. The defendant is in no way harmed if the court orders a longer opt-in period. However, in the spirit of cooperation, plaintiffs would agree to an opt-in period of 60 days.

The second objection the defendant lodges is that the notice does not give the putative class members a chance to choose their own counsel. Other courts have previously addressed this issue and have denied a defendant's attempt to allow opt-in plaintiffs to choose their own counsel.  In *Belcher v. Shoney's Inc.,* 927 F.Supp. 249, 254 (M.D.Tenn.1996), the court granted the plaintiffs' motion to facilitate notice and ordered that the language of the notice in regards to legal representation would read, "[i]f you choose to join this lawsuit, your interests will be represented by the named Plaintiffs *through their attorneys*, as counsel for the class." In *Adams v. Inter-Con Security Systems, Inc.,* 242 F.R.D. 530, 541 (N.D.Cal. 2007), the defendant  wanted

---

[7]This problem is the main reason plaintiffs have also requested the defendant provide plaintiffs' counsel with the putative class members social security numbers. Searching for an individual via social security number is much easier and considerably faster.

the same language this defendant has requested. The Court held, "[t]here is good reason why defendant's proposed language should *not* be included. Suggesting that a plaintiff may opt-in and bring her own lawyer along would lead to confusion, inefficiency and cumbersome proceedings. If a class member wishes to have her own lawyer, she need not opt-in; she can hire own lawyer and proceed with her action." For the same reasons as the *Adams* court stated, this Court should deny the defendant's request.

The plaintiffs agree with the defendant's third objection/correction. The defendant's fourth objection deals with the description of the lawsuit, description of defenses and the fact that the description does not indicate that plaintiffs' claims are limited by a statute of limitations.

The defendant argues that the proposed language in the notice does not accurately describe the named plaintiffs because none of the named plaintiffs worked for ADS and none of the named plaintiffs received checks from ADS. As previously stated, due to the facts previously articulated, the defendant's argument is without merit. The plaintiffs worked for Arrow Disposal. Plaintiffs cannot agree with the defendant's proposal concerning the description of the lawsuit and the description of their defenses and would suggest the following language:

The lawsuit was brought against Urrutia, d/b/a/ as Arrow Disposal and Advanced Disposal Systems, d/b/a as Arrow Disposal. The lawsuit was brought by former employees who were employed in the position of Truck Driver with Arrow Disposal. The lawsuit alleges that the plaintiffs and all current and former employees who were employed with Urrutia d/b/a as Arrow Disposal and Advanced Disposal Systems d/b/a as Arrow Disposal in the position of Truck Driver were not properly compensated for all of their hours worked over 40 per week. Advance Disposal Services d/b/a Arrow Disposal and Urrutia d/b/a Arrow Disposal asserts that the plaintiffs were paid for all hours worked and were properly compensated and deny that the plaintiffs are entitled to any monetary damages.

Plaintiffs believe this suggested language eliminates all of the defendant's concerns and adequately describes both the allegations of the lawsuit and the defendant's defenses.

The defendant argues that the description of the lawsuit should contain language in regards to statute of limitations. Said argument is nonsensical. The additional language proposed by the defendant is not required because the notice is only being sent to individuals that were/are employed within the statute of limitations time period. Therefore, there is no need for the suggested language.

The defendant's final objection to the proposed notice is nothing more than a scare tactic the defendant wants to impose in order to potentially reduce the number of putative class members who may wish to join the lawsuit. The defendant wants the notice to warn putative class members that by joining this lawsuit they may be

required to travel and testify in Auburn/Opelika Alabama. There is absolutely no need for this language for several reasons. First, if an individual joins the lawsuit and then is later designated for deposition in Auburn/Opelika Alabama and does not want to travel for his/her deposition, the defendant can move to have the plaintiff dismissed. Second, as set out below, not every opt-in plaintiff will be required to testify.

In a collective action, passive plaintiffs may rely upon representative testimony of other plaintiffs to demonstrate a pattern and practice of FLSA violations. *See Donovan v. New Floridian Hotel*, 676 F.2d 468, 471, 472 (11th Cir. 1982)("it is clear that each employee need not testify in order to make a prima facie case of the number of hours worked as a matter of 'just and reasonable inference'")(quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1949)); *see also, Brennan v. GMAC*, 482 F.2d 825, 829 (5th Cir. 1973); *Martin v. Selker Brothers, Inc.*, 949 F.2d 1286, 1298 (3rd Cir. 1991)("It is not necessary for every single affected employee to testify in order to prove violations or to recoup back wages. The testimony and evidence of representative employees may establish prima facie proof of a pattern and practice of FLSA violations.")(citing, *inter alia*, *GMAC*, 482 F.2d at 829); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)("Courts have frequently granted back wages under the FLSA to non-testifying employees based upon the representative testimony of a small percentage of the employees."), *overruling on*

*other grounds recognized by, Pforr v. Food Lion, Inc.*, 851 F.2d 106, 110 (4th Cir.

1988); *Reich v. Southern MD Hosp., Inc.*, 43 F.3d 949,951 (4th Cir. 1995)("Under *Mt.*

*Clemens*, [a litigant] can present testimony from representative employees as part of

his proof of the prima facie case ... The court can award back wages under FLSA to

non-testifying employees based on the 'fairly representational' testimony of other

employees.")(citations omitted).

Where "the representative employee[s] performed substantially similar, if not

identical, work to the non-testifying employees[,]" a smaller number of employees

can represent the interests of a larger number of employees. *Reich v. S. Maryland*

*Hosp.*, 43 F.3d at 951 (citing *Secretary of Labor v. DeSisto*, 929 F.2d 789,793 (1st Cir.

1991)). The "focus is not on the numbers in isolation but on whether the district court

could reasonably conclude that there was 'sufficient evidence to show the amount and

extent of . . . [uncompensated] work as a matter of just and reasonable inference.'"

*Reich v. Southern New England Telecom. Corp.*, 121 F.3d 58,68 (2nd Cir.

1997)(alteration in original). The Second Circuit ultimately concluded that "there is

no bright line formulation that mandates reversal when the sample is below a

percentage threshold.  It is axiomatic that the weight to be accorded evidence is a

function not of quantity but of quality,...and that, depending on the nature of the facts

to be proved, a very small sample of representational evidence can suffice." *Id.* at 67-

68 (citing *DeSisto*, 929 F.2d at 793).[8]

---

[8]*Bradford v. Bed Bath & Beyond,* 184 F.Supp.2d 1342 (N.D.Ga. 2002)(establishes that representative testimony is utilized during discovery)(Plaintiffs **subject to discovery** testified)*Reich v. Southern New England Telecom. Corp.*, 121 F.3d 58,67 (2d Cir. 1997)(testimony of representative sample of **2.5%** of workers was adequate sample upon which to award back-wages to entire group of employees ("In meeting the burden under *Mt. Clemens*, the Secretary need not present testimony from each underpaid employee; rather, it is well-established that the Secretary may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA. . . .   He is not required to do so in complete detail as to the wages lost by each employee.")(citation omitted); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351,354 (D.N.J.1987)(discovery of 51 members 1312 member class and depositions of 10 of 13 named plaintiffs deemed adequate);*Brock v. Norman's Country Market*, 835 F.2d 823,828 (11th Cir. 1988)("The fact that several employees do not testify does not penalize their claim; 'it is clear that each employee need not testify in order to make out a prima facie case of the number of hours worked as a matter of 'just and reasonable inference'.");*Reich v. Gateway Press, Inc*., 13 F.3d 685,701-02 (3d Cir. 1994)(In addition, the Secretary did not have to bring every employee seeking back wages to court to testify.   Courts commonly allow representative employees to prove violations with respect to all employees.); *Mt. Clemens Pottery*, 328 U.S. at 680, 66 S.Ct. at 1187 (8 out of 300 employees testified); *Donovan vs. Williams Oil, Co.*, 717 F.2d 503 (10th Cir. 1983); *Donovan vs. Simmons Petroleum Corp.*, 725 F.2d 83, 86 (10th Cir. 1983)(testimony of twelve employees sufficient to support an award for all former employees); *Donovan vs. New Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir. 1982)(23 out of 207 receiving an award; award denied to 56 non-testifying employees); *Brennan vs. General Motors Acceptance Corp*., 482 F.2d 825 (5th Cir. 1973)(16 out of 26); *McLaughlin vs. Dial America Marketing, Inc.*, 716 F.Supp. 812 (D.N.J. 1989)(43 out of 393); *Marshall vs. Brunner*, 500 F.Supp. 116 (W.D.Pa. 1980)(48 out of 93), *aff'd in part, rev'd in part*, 668 F.2d 748 (3rd Cir. 1982).  *Cf. *702; Pines v. State Farm General Ins. Co.,*WL 92398, 1992 U.S. Dist. LEXIS 6972 (C.D.Cal. 1992)(Authorized 40 depositions out of 960 member class)*Secretary of Labor v. DeSisto*, 929 F.2d 789,791 (1st Cir. 1991)("It is well established that not all employees need testify in order to prove the violations or to recoup back wages.  Rather, the Secretary can rely on testimony and evidence from representative employees to meet the initial burden of proof requirement.")*Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F.Supp. 860,868

The Court, in *Ziegler v. Fred's Discount Stores,* 2:06-01153-IPJ (N.D.Ala.), ordered that (1) not all individuals need to testify in order to prove their case, (2) the defendant could choose 20 of the 446 opt-in plaintiffs for deposition (4%), and (3) the time limit for each deposition should be limited to four hours. The Court *Knott v. Dollar Tree,*7:06-cv-1553-LSC (N.D.Ala.) also limited the number depositions the defendant could take to 4% of the class of opt-in plaintiffs.  *C.f., Donovan v. Hudson Stations*, No. 77-2172, No. 77-2173, 1983 WL 2110 (D.Kan. Oct. 14, 1983)(572 deposition s, or **1.9%** of total claims, equal requisite representative proof to establish liability and damages on behalf of 29,000 employees); *Metzler v. IBP, Inc.*, 127 F.3d 959 (10th Cir. 1997)(485 employees, or **2.1%** of total employees, equal requisite representative proof to establish liability and damages on behalf of 23,000

---

(S.D.N.Y. 1984)("*Anderson* has been interpreted to allow damage awards for FLSA violations to a group of employees); *Morales-Arcadio v. Shannon Produce Farms,* 2006 WL2578835 (S.D.Ga. 2006)(an element of efficiency pervades the proceeding in collective actions, for the very nature of a collective action is to resolve similar claims at once, rather than litigating similar claims proved by the same evidence. *Casas v. Conseco Finance corp.,* 2002 WL 246753 (D.Minn. 2002)(Specifically, Rule 26(b)(2) permits a court upon its own initiative to limit "the frequency or extent of use of discovery methods, if (i) the discovery sought is unreasonably cumulative or duplicative...(iii) the burden or expense of the proposed discovery outweighs its likely benefit); *McLaughlin v. Ho Fat Seto,* 850 F.2D 586 (C.A.9 1988)(testimony of 5 employee witnesses established that all employees regularly worked overtime); *Chao v. Pacific Stucco, Inc.,*2006 WL 2432862 (D.Nev. 2006)(a determination of; whether the representative testimony adequately represents the class depends on the nature of the work involved, the working conditions and relationships and the detail and credibility of the testimony).

employees).

The defendant has also lodged two objections to the proposed consent form. Plaintiffs do not object to correcting the style of case to read "Advance Disposal Services and Urrutia, Inc. d/b/a Arrow Disposal. The defendant also objects to the putative plaintiffs being asked to include their social security numbers on the consent form based on the fact that the guidelines for electronic filing in the Middle District of Alabama forbids the inclusion of social security numbers and plaintiffs have not indicated a need for the inclusion of this information.

Plaintiffs understand the electronic filing rules of the court and to alleviate this problem plaintiffs' propose that in lieu of mailing the consent forms back to the Clerk of the court that the putative plaintiffs mail the consent forms to plaintiff counsel's office. Once the forms are received, plaintiffs' counsel will have the social security numbers redacted from the forms before filing said forms with the court.[9] As far as why this information is needed plaintiffs' counsel has learned through the handling of numerous other collective cases that there will be numerous consent forms returned undeliverable at the address provided by the defendant. By providing counsel with the social security numbers, counsel will be better able to perform a people search on

---

[9]The Court in *Womack v. Dollar General,* 2:06-cv-465-VEH (N.D.Ala. 2007), when faced with this identical issue issued an Order which mirrors plaintiffs' recommendation.

said individuals and locate a new address.

## IX. <u>CONCLUSION</u>

Wherefore, for all the foregoing reasons, the Court should grant plaintiffs' Motion to Facilitate Notice, order the defendant to produce the names, addresses and social security numbers of individuals employed with the Advanced Disposal Services and Urrutia, Inc. d/b/a Arrow Disposal within the last three years and further Order that the opt-in period be 60 days from the date notice is mailed by plaintiffs' counsel.

Respectfully submitted,


/s/Gregory O. Wiggins
Gregory O. Wiggins
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

Allwin E. Horn, IV
ALLWIN E. HORN, IV, PC.
1130 South 22nd Street, Suite 4500
Birmingham, Alabama 35205
205/877-8700

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have filed the above and foregoing by CM/ECF today, May 12, 2008, with copies being served on:

Margaret P. Zabijaka
Constangy, Brooks & Smith, LLC
200 West Forsyth Street, Suite 1700
Jacksonville, Florida 32202-4317

Tobias J. Dykes
Constangy, Brooks & Smith, LLC
One Federal Place, Suite 900
1819 Fifth Avenue South
Birmingham, Alabama 35203

<u>/s/Gregory O. Wiggins</u>
OF COUNSEL