## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **MITCHELL C. MOONEY,** ) | |
| **HARRISON GILMORE, DONNIE L.** ) | |
| **THARP, and SAMUEL KING, on** ) | |
| **behalf of themselves and other** ) | |
| **similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | **Case No. 3:07-cv-1018-WKM** |
| ) | |
| **v.** ) | |
| ) | |
| **ADVANCED DISPOSAL SERVICES** ) | |
| **and URRUTIA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' NOTICE OF CORRECTION

Defendants Advanced Disposal Services ("ADS") and Urrutia, Inc., d/b/a Arrow Disposal ("Urrutia") notify the Court of a factual misstatement in their Opposition to Plaintiffs' Motion to Facilitate Notice and Objection to Plaintiffs' Proposed Notice and Consent Form:

1.    In opposition to plaintiff's Motion to Facilitate Notice, defendants indicated that plaintiff Mooney had never performed work for ADS and that plaintiff Mooney had never received a paycheck from ADS.  From documents produced by plaintiff Mooney in the present case and from testimony by plaintiff

Mooney on Wednesday, July 16, 2008 in a separate case, defendants have learned that those statements were not accurate.[1]

2.    ADS acquired Urrutia, Inc. d/b/a as Arrow Disposal effective June 4, 2007.  (Guest Amended Dec. ¶ 4).  ADS' and Urrutia's computer systems were not compatible.  (Guest Amended Dec. ¶ 4).  As a result, the Urrutia employees in Alabama were input into ADS' computer system. (Guest Amended Dec. ¶ 4).  However, ADS had the Urrutia employees in Alexander City, including plaintiff Mooney, submit their hours worked to Sunflower Waste, a subsidiary of ADS located in Tallassee, Alabama.  (Guest Amended Dec. ¶ 4).  Then, Sunflower Waste issued paychecks to Urrutia employees, including plaintiff Mooney.  (Guest Amended Dec. ¶ 4).  As such, plaintiff Mooney was listed as a Sunflower Waste employee.  (Guest Amended Dec. ¶ 4).  When Glenn Guest, Director of Corporate Human Resources for Advanced Disposal Services, searched ADS' records for plaintiff Mooney, he did not search for employees listed as Sunflower Waste employees.  (Guest Amended Dec. ¶ 4).  Therefore, Mr. Guest did not discover that plaintiff Mooney worked one week for ADS.  (Guest Amended Dec. ¶ 4).

3.    Defendants have now learned that plaintiff Mooney worked for ADS, following the acquisition, from June 4, 2007, through June 8, 2007.  (Guest Amended Dec. ¶ 7).  Plaintiff Mooney received a paycheck from Sunflower Waste

---

[1] Counsel for defendants left counsel for plaintiffs a voicemail explaining this discovery on Thursday, July 17, 2008.

for the hours worked, including overtime, from June 4, 2007, through June 8, 2007. (Guest Amended Dec. ¶ 7).

4.    The correction of this factual error does not change defendants' arguments in opposition to plaintiffs' Motion to Facilitate Notice. Working one week during the transition from Urrutia, Inc. to ADS does not make plaintiff Mooney similarly situated to other ADS employees. Moreover, being paid through a subsidiary of ADS for one week of work does not make plaintiff Mooney similarly situated to other ADS employees. As such, for these reasons and for the reasons argued in defendants' Opposition to Plaintiffs' Motion to Facilitate, plaintiffs are not similarly situated to ADS drivers. At most, plaintiffs are similarly situated to other truck drivers who worked for Urrutia Inc. in Alexander City, Alabama, as argued in Defendants' Response in Opposition to Plaintiffs' Motion to Facilitate Notice.

## Conclusion

Therefore, despite the above-referenced factual discovery, Plaintiffs' Motion to Facilitate Notice is due to be denied.

*/s/ J. Tobias Dykes*
J. Tobias Dykes (ASB-0483-E66J)
tdykes@constangy.com
**CONSTANGY, BROOKS & SMITH, LLC**
1819 Fifth Avenue North
Suite 900
Birmingham, Alabama 35203
Telephone (205) 252-9321
Facsimile (205) 323-7674

*/s/ Margaret P. Zabijaka*
MARGARET P. ZABIJAKA
Florida State Bar No. 0119880
200 West Forsyth Street, Ste. 1700
Jacksonville, FL  32202-4317
(904) 356-8900

**ATTORNEYS FOR DEFENDANTS
ADVANCED DISPOSAL SERVICES AND
URRUTIA, INC.**

- 4 -

456434.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned electronically filed the foregoing Motion for Extension with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

> Gregory O. Wiggins
> WIGGINS CHILDS QUINN & PANTAZIS, LLC
> The Kress Building
> 301 19th Street North
> Birmingham, AL  35203
>
> Allwin E. Horn, IV
> ALLWIN E. HORN, IV, PC
> 1130 South 22nd Street, Ste. 4500
> Birmingham, AL  35205

This the 22nd day of July, 2008.

> */s/ J. Tobias Dykes*
> Counsel of Record

456434.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL C. MOONEY, HARRISON GILMORE, DONNIE L. THARP, and SAMUEL KING, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | Case No. 3:07-cv-1018-WKM |
| v. | ) ) | |
| ADVANCED DISPOSAL SERVICES and URRUTIA, INC., | ) ) ) | |
| **Defendants.** | ) | |

## AMENDED DECLARATION OF GLENN GUEST[1]

My name is Glenn Guest. I am the Director, Corporate Human Resources for Advanced Disposal Services. In my job as Director, Corporate Human Resources, I have access to pay records, schedules, and personnel files for truck drivers who work for Advanced Disposal Services and who worked for Urrutia, Inc. d/b/a Arrow Disposal prior to the acquisition of Urrutia, Inc. by Advanced Disposal Services ("ADS") on June 4, 2007. This amended declaration is based on my personal knowledge.

1.     Defendant ADS provides waste management services throughout the Southeast including Alabama. ADS' corporate office is located in Jacksonville,

---

[1] The only changes to the declaration are in paragraphs 4 and 7 and are addressed in defendants' Notice of Correction.

Florida. Currently, ADS provides service in Florida, Georgia, Alabama, Mississippi, South Carolina, and several air force bases.

2.      ADS currently employs approximately 530 drivers. Its drivers are paid a day rate plus diminished overtime for work in excess of 40 hours a week. As such, the drivers are guaranteed a day rate, and then, for hours worked in excess of 40 hours in a week, the drivers' pay rate changes for calculating overtime.

3.      ADS' Employee Handbook provides the following regarding time cards:

> Employees are required to record their time worked, usually through the use of a time clock or a time sheet. You must record your own time. You must not permit another employee to record your time and you may not record the time of another employee without approval from your supervisor. If you make a mistake recording your time, you should contact your supervisor or nearest member of management immediately to make the correction. The employee and supervisor or manager should initial corrections. At the end of your workweek, you must sign your time card or time sheet verifying that the time you entered is true and correct. Falsification and tampering with time records are serious matters that could lead to disciplinary action up to and including discharge.

ADS drivers typically record their time in one of two ways. One way is that the drivers scan their hands in when they arrive to work in the morning to clock in, and when the drivers finish for the day, they scan their hands in to clock out. Their time is maintained and calculated on a computer and then forwarded to ADP for processing and payment. The second way is for the drivers to scan in and scan out

-2-

by swiping a card through a time clock, and then, the records are forwarded to ADP for payment. Under both methods, the drivers are paid a guaranteed day rate plus overtime for hours worked in excess of 40 during a work week.

4. ADS acquired Urrutia, Inc. d/b/a Arrow Disposal on June 4, 2007. Urrutia, Inc. continues to do business as Arrow Disposal, but it is now owned and operated by ADS. Urrutia employees became ADS employees effective June 4, 2007. At the time of the acquisition, Urrutia employed approximately 124 drivers and had employees at locations in Alabama, several air force bases, and Ft. Walton Beach, Florida. ADS' and Urrutia's computer systems were not compatible. As a result, the Urrutia employees in Alabama were input into ADS' computer system. However, ADS had the Urrutia employees in Alexander City, Alabama, including plaintiff Mooney, submit their hours worked to Sunflower Waste, a subsidiary of ADS located in Tallassee, Alabama. Then, Sunflower Waste issued paychecks to Urrutia employees, including plaintiff Mooney. As such, plaintiff Mooney was listed as a Sunflower Waste employee. When I searched ADS' records for plaintiff Mooney, I did not search for employees listed as Sunflower Waste employees. Therefore, I did not discover that plaintiff Mooney worked one week for ADS (and was paid through Sunflower Waste). However, during plaintiff Mooney's deposition, I learned of this recordkeeping procedure utilized during the transition,

- 3 -

456449.1

and I have since confirmed that plaintiff Mooney worked for one week following ADS' acquisition of Urrutia as an ADS employee.

5.      Urrutia paid its drivers a day rate, plus diminished overtime for time worked in excess of 40 hours a week. Urrutia did not have hand-scanners for its drivers, but the drivers' time was maintained pursuant to a time clock. Then, at the end of the week, the drivers were paid diminished overtime for time worked in excess of 40 hours a week. The Named Plaintiffs worked only at the Urrutia transfer station in Alexander City, Alabama.

6.      Prior to the acquisition of Urrutia, ADS only had 89 employees, 39 of whom were drivers in Alabama. None of those drivers were in Alexander City, Alabama.

7.      Plaintiff Mooney was hired by Urrutia on June 20, 2005 in Alexander City, Alabama. Plaintiff Mooney had an on-the-job injury while working for Urrutia. However, plaintiff Mooney performed work for ADS, after the acquisition of Urrutia, from June 4, 2007, through June 8, 2007. As described above in Paragraph No. 4, Plaintiff Mooney received a paycheck from Sunflower Waste for those hours worked, including overtime, from June 4, 2007, through June 8, 2007. Plaintiff Mooney's employment was terminated in late June or early July 2007 for failing to report to work after being released to light duty by his doctor. While working for Urrutia and during his one week of work for ADS,

- 4 -

plaintiff Mooney was paid a day rate of $120 a day, plus diminished overtime for hours worked in excess of 40 hours a week.

8.    Plaintiff King worked for Urrutia in Alexander City from October 17, 2004 through November 4, 2005. While working for Urrutia, plaintiff King was paid a guaranteed day rate, plus diminished overtime for hours worked in excess of 40 hours a week.

9.    Plaintiff Tharp worked for Urrutia in Alexander City from March 21, 2005 through June 7, 2005. While working for Urrutia, plaintiff Tharp was paid a guaranteed day rate, plus diminished overtime for hours worked in excess of 40 hours a week.

10.    Plaintiff Gilmore was never an employee of Urrutia or ADS. Instead, he worked through a temporary agency. Plaintiff Gilmore never received a paycheck from Urrutia or ADS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___22nd___ day of July, 2008.

Glenn Guest